160263
160263.2
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600



Attorneys for Plaintiff
Act II Jewelry, LLC d/b/a lia sophia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ACT II JEWELRY, LLC d/b/a/  :
lia sophia,               :
                          :
            Plaintiff,    :
v.                        :
                          :
WEINDLING INTERNATIONAL LLC, :
PARAG VORA, and ABEY JHAVERI, :
                          :
            Defendants.   :
------------------------------------------------------------x

JUDGE RAKOFF

Civil Action

No. 07 CIV 9501

COMPLAINT

Plaintiff ACT II Jewelry, LLC d/b/a lia Sophia complaining of defendant alleges as follows:

### NATURE OF THE CASE, JURISDICTION AND VENUE

1.  This case involves Plaintiff's trademark SHARE THE LOVE with respect to jewelry items and related services. Defendants originally sought a trademark license from Plaintiff for its use of that mark. After negotiations broke down, it became known to Plaintiff that Defendants had been using the mark without permission. Although Plaintiff demanded immediate cessation of the infringing use, Defendants refused and continue the infringing use

despite Plaintiff's protests. Plaintiff seeks injunctive and monetary remedies for Defendants' unauthorized and confusing use of the SHARE THE LOVE Mark.

2. This Court has subject matter jurisdiction over the claims in this action relating to trademark infringement and false designations of origin and false descriptions pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3. This Court has supplemental jurisdiction over the claims in this Complaint arising under the common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. The Court also has jurisdiction over all claims of unfair competition pursuant to 28 U.S.C. § 1338.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff ACT II Jewelry, LLC d/b/a lia sophia ("Plaintiff" or "lia sophia") is a limited liability company organized under the laws of the State of Delaware, having an office and place of business at 555 Madison Avenue, New York, NY 10022.

6. Defendant Weindling International, LLC ("Weindling") is a limited liability company organized under the laws of the State of New York, having an office and place of business at 529 Fifth Avenue, New York, NY 10017. Defendant Weindling is transacting and doing business in this judicial district and is subject to the jurisdiction of this Court.

7. Defendant Parag Vora ("Vora") is an individual who is an officer or other managing agent of Weindling, having an office at 529 Fifth Avenue, New York, NY 10017 and,

upon information and belief, is a conscious dominant and active force behind the wrongful acts of Weindling complained of herein, which wrongful acts he has engaged in for the benefit of Weindling and for his own individual gain and benefit. Defendant Vora is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

8. Defendant Abey Jhaveri ("Jhaveri") is an individual who is an officer or other managing agent of Weindling, having an office at 529 Fifth Avenue, New York, NY 10017 and, upon information and belief, is a conscious dominant and active force behind the wrongful acts of Weindling complained of herein, which wrongful acts he has engaged in for the benefit of Weindling and for his own individual gain and benefit. Defendant Jhaveri is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

9. All of the above defendants are collectively referenced herein as "Defendant."

## FACTS COMMON TO ALL COUNTS

### The lia sophia Businesses

10. lia sophia is a jewelry company well known in the industry and among consumers for its fashion jewelry. lia sophia is the leading fashion jewelry direct sales company in the United States. The company is a family owned and operated business and has been in business for more than thirty years. In that time, lia sophia has achieved a reputation for excellence in design, creativity, quality and customer service in the field of jewelry.

### The SHARE THE LOVE Mark

11. Among the marks used by lia sophia to identify and promote its jewelry products is the phrase SHARE THE LOVE (the "SHARE THE LOVE Mark").

12.     lia sophia is the owner and registrant of U.S. Trademark Registration No. 2,952,808 of August 17, 2004 for the phrase LIA SOPHIA SHARE THE LOVE OF JEWELRY for items of jewelry and No. 3,289,589 of September 11, 2007 for the phrase SHARE THE LOVE OF JEWELRY for jewelry items (collectively the "SHARE THE LOVE Registration"). Both registrations are valid and subsisting, and the trademarks thereof are valid and subsisting marks.

13.     Through extensive promotion and use, the phrase SHARE THE LOVE has come to be associated with lia sophia and acts as an indicator of source for jewelry items and related services for lia sophia.

**Defendant's Failed Attempt To Obtain A License For Use Of The SHARE THE LOVE Mark**

14.     In or around April of 2007, Defendant requested that lia sophia grant it permission to use the SHARE THE LOVE Mark as part of a promotion of sale of jewelry items for charitable purposes. lia sophia replied that it would only grant such permission pursuant to a written license.

15.     From that time until September 2007, the parties were negotiating a limited license that would allow Defendant to use the SHARE THE LOVE Mark under certain conditions for that limited purpose. Defendant implicitly and explicitly acknowledged that some form of license from lia sophia would be needed. Negotiations broke down and no license was ever entered into or consummated.

16.     lia sophia subsequently learned that Defendant had been using such mark without permission or authorization. By letter dated October 12, 2007, lia sophia advised Defendant in

writing that no license was entered into, that it was not interested in further pursuing license negotiations, and demanded that Defendant cease use of the SHARE THE LOVE Mark.

**Defendants' Infringing and Unfairly Competitive Activities**

17. Notwithstanding lia sophia's written demands, and notwithstanding its knowledge of lia sophia's trademark rights in the SHARE THE LOVE Mark, Defendant has used the SHARE THE LOVE Mark, or a colorable or confusingly similar imitation thereof, to identify and promote its jewelry items and services.

18. The activities of Defendant complained of herein constitute willful and intentional infringement of lia sophia's SHARE THE LOVE Mark, were and continue to be in direct contravention of lia sophia's rights, and continue despite lia sophia's express protests to the contrary.

## COUNT I
## REGISTERED TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

19. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

20. Long after Plaintiff's adoption of the SHARE THE LOVE Mark, and after the federal registration of same, Defendant has commenced and continued the sale, offering for sale and distribution of goods and services, including jewelry products and related services, identified by a colorable imitation of the SHARE THE LOVE Mark, in violation of 15 U.S.C. § 1114(1).

21. On information and belief, the activities of Defendant complained of herein constitutes willful and intentional infringement of the above-identified trademark, are in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendant's

- 6 -

knowledge that the use of such trademark or a copy or a colorable imitation thereof in the manner described herein was and is in direct contravention of Plaintiff's rights.

22.     The use by Defendant of copies of such trademark in the manner described herein has been and continues without the consent of Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that Defendant's goods and services have been done with the authorization, approval or sponsorship of Plaintiff.

23.     Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT II

## FALSE DESIGNATION OF ORIGIN

## 15 U.S.C. § 1125(a)

24.     Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

25.     Defendant has affixed, applied, or used in connection with the sale of its goods or services, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by Defendant are sponsored by, authorized by or connected with Plaintiff.

26.     Upon information and belief, the activities of Defendant complained of herein constitutes willful and intentional uses, appropriations and infringements of the SHARE THE LOVE Mark; completely and deliberately disregard Plaintiff's rights and were commenced and

have continued in spite of Defendant's knowledge that the use of a simulation or colorable imitation of these trademarks in the manner described herein was and is in direct contravention of lia sophia's rights, all in violation of 15 U.S.C. § 1125(a).

27. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

28. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

29. The actions of Defendant described herein constitute willful common law trademark infringement and unfair competition.

30. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiff demands:

1. That Defendant, and its agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

   a. From using in any manner the SHARE THE LOVE Mark or any colorable imitation thereof in connection with its jewelry business or any items of jewelry;

- 8 -

    b.     From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, or any of its goods or services, are authorized or sponsored by lia sophia;

    c.     From passing off, inducing or enabling others to sell or pass off any goods or services as products produced or sold by Plaintiff which are not in fact genuine lia sophia goods or services, or not produced under the control and supervision of, or approved by, lia sophia;

    d.     From further infringing the SHARE THE LOVE Mark; and

    e.     From otherwise competing unfairly with Plaintiff in any manner.

    2.     That Defendant be required to deliver up to Plaintiff for destruction, any and all goods and promotional materials in its possession or under its control that include the SHARE THE LOVE Mark

    3.     That Defendant be ordered pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

    4.     That Defendant be required, pursuant to 15 U.S.C. § 1117 to account to Plaintiff for any and all profits derived by it, and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein, including an award of treble damages as provided for by statute.

    5.     That Plaintiff be awarded both pre-judgment and post-judgment interest on each and every damage award.

6. Plaintiff's have and recover from Defendant, Plaintiff's reasonable attorneys' fees, costs and disbursements of this civil action.

7. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: October 24, 2007
      New York, New York

                        KALOW & SPRINGUT LLP

                        By: *Milton Springut*
                        Milton Springut (MS6571)
                        Tal S. Benschar (TB0838)
                        Attorneys for Plaintiffs
                        Act II Jewelry, LLC d/b/a lia sophia