UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACT II JEWELRY, LLC d/b/a lia sophia,

Plaintiff,

-against-

WEINDLING INTERNATIONAL, LLC PARAG VORA and ABEY JHAVERI

Defendants.

ANSWER WITH DEMAND FOR TRIAL BY JURY

Case No. 07 CIV 9501 (JSR)

Weindling International, LLC, ("Weindling"), Parag Vora ("Vora") and Abhay Javeri incorrectly sued herein as Abey Jhaveri ("Javeri") and together with Weindling and Vora, the "Defendants") by and through their attorneys, Klestadt & Winters, LLP, as and for their answer and counterclaim (the "Answer") to the complaint (the "Complaint") filed by ACT II Jewelry, LLC d/b/a lia Sophia (the "ACT II" or the "Plaintiff"), respectfully represents as follows:

1. Defendants deny all allegations as set forth in Paragraph 1 of the Complaint but admit that the Defendants have attempted to negotiate a licensing agreement with Plaintiff.

2. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 2 of the Complaint. Further, Defendants respectfully refer all questions of law to the Court.

3. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 3 of the Complaint. Further, Defendants respectfully refer all questions of law to the Court.

4. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 4 of the Complaint. In addition, Defendants respectfully refer all questions of law to the Court.

5. Defendants deny knowledge and information sufficient to form a belief as to the

truth of the allegations as set forth in paragraph 5 of the Complaint.

6. Defendants admit that Weindling is a limited liability company having a place of business at 529 Fifth Avenue, New York, New York 10017, but respectfully refer the legal question regarding jurisdiction, as set forth in Paragraph 6 of the Complaint, to the Court.

7. Defendants admit that Vora is an officer of Weindling, which has an office at 529 Fifth Avenue, New York, New York 10017 but deny the remaining allegations as set forth in the Paragraph 7 of the Complaint.

8. Defendants admit Weindling has an office at 529 Fifth Avenue, New York, New York 10017, but deny the remaining allegations as set forth in Paragraph 8 of the Complaint.

9. No allegations are contained in Paragraph 9 of the Complaint. As such, no response is required.

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 10 of the Complaint.

11. Defendants deny that Plaintiff uses the singular designation "SHARE THE LOVE" and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 11 of the Complaint.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 12 of the Complaint, but do not contravene matters of public record.

13. Defendants deny the allegations as set forth in paragraph 13 of the Complaint.

14. Defendants admit that they attempted to negotiate a licensing agreement with Plaintiff, but deny the remaining allegations as set forth in paragraph 14 of the Complaint.

15. Defendants admit that they attempted to negotiate a licensing agreement with Plaintiff, but deny the remaining allegations as set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations as set forth in Paragraph 16 of the Complaint but admit that on or about October 12, 2007, lia Sophia demanded that Defendants cease and desist the use of the SHARE THE LOVE mark.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

**COUNT I**

**REGISTERED TRADEMARK INFRINGEMENT**

**15 U.S.C. §1114(1)**

19. Defendants state that Paragraph 19 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint and respectfully refer all questions of law to the Court.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN**

**15 U.S.C. §1125(a)**

24. Defendants state that Paragraph 24 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint and

respectfully refer all questions of law to the Court.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

**COUNT III**

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

28. Defendants state that Paragraph 28 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny that the Plaintiff is entitled to the relief requested in its Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

32. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

33. The Plaintiff lacks standing to assert rights under U.S. Reg. No. 2,952,808 (hereinafter referred to as "the '808 Registration") or the designation SHARE THE LOVE.

**THIRD DEFENSE**

34. The Plaintiff has not suffered cognizable injury or damage under the allegations set forth in its Complaint. In the event that it has, they were caused in whole or in part by Plaintiff's own conduct, or that of some other person, party or entity. Therefore, any award against these Defendants should be reduced or eliminated by virtue of comparative fault, contribution, apportionment or indemnity.

**FOURTH DEFENSE**

35. Defendants rely upon all defenses available under the Lanham Act, 15 U.S.C. §1051, *et seq*. as a complete or partial defense to the claims asserted by Plaintiff.

**FIFTH DEFENSE**

36. Plaintiff's claims are barred by one or more or all of the following affirmative defenses: waiver, estoppel, acquiescence, accord and satisfaction, laches, failure to mitigate damages, abandonment of the mark and registration, or any other matter constituting an avoidance.

**SIXTH DEFENSE**

37. Plaintiff's claims are barred as to the alleged SHARE THE LOVE designation as this designation has never been used by Plaintiff as a trademark, is merely descriptive, is incapable of functioning as a trademark, and is not validly owned by Plaintiff.

**SEVENTH DEFENSE**

38. Plaintiff's alleged trademarks are not distinctive and have no secondary meaning, and are therefore inherently unprotectable.

**EIGHTH DEFENSE**

39. Plaintiff's claims are barred as Plaintiff has failed to name an indispensible party to this Action.

**NINTH DEFENSE**

40. There is no likelihood of confusion, mistake or deception between the parties' respective marks, products or uses.

**TENTH DEFENSE**

41. Plaintiff's alleged marks and/or registrations are weak, merely descriptive, and/or have become generic, and are not entitled to a broad scope of protection.

42. Defendants reserve the right to plead and assert additional affirmative defenses

and/or counterclaims as discovery may hereafter reveal.

**JURY DEMAND**

43. A trial by jury is demanded.

WHEREFORE, Defendants pray that:

A. Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

B. Defendants recover their costs herein expended, including a reasonable fee for its attorneys; and

C. Defendants have such other further and proper relief as the Court deems appropriate.

Dated: November 30, 2007

Respectfully submitted,

KLESTADT & WINTERS, LLP

By: ________________________

Brendan M. Scott (BS-7046)
292 Madison Ave., 17th Floor
New York, New York 10017
Tel: (212) 972-3000

Attorneys for Defendants
Weindling International, LLC,
Parag Vora and Abhay Javeri sued
incorrectly herein as Abey Jhaveri

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the attached ANSWER WITH DEMAND FOR TRIAL BY JURY to be served by first class mail, by depositing a true copy thereof enclosed post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State upon:

Tal S. Benschar
KALOW & SPRINGNUT LLP
488 Madison Avenue
New York, New York 10022

Brendan M. Scott (BS-7046)