168941.2

Milton Springut, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiff
Act II Jewelry, LLC d/b/a lia sophia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-8-08
```

| | | |
|---|---|---|
| ACT II JEWELRY, LLC d/b/a/ | : | Civil Action |
| lia sophia, | : | |
| | : | |
| Plaintiff, | : | No. 07-CIV-9501 (JSR) |
| v. | : | |
| | : | |
| WEINDLING INTERNATIONAL LLC, | : | |
| PARAG VORA, and ABEY JHAVERI, | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------x

### FINAL JUDGMENT ON CONSENT

Plaintiff ACT II Jewelry, LLC d/b/a lia sophia ("Plaintiff" or "lia sophia") having filed

a Complaint against Weindling International, LLC, Parag Vora and Abey Jhaveri (collectively

the "Weindling Defendants"), charging the Weindling Defendants with trademark infringement,

false designation of origin and unfair competition; and the parties desiring to settle the

controversy between them without any admission of liability and having entered into a

Settlement Agreement for that purpose; and for good cause shown; it is hereby

ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

1.    This Court has jurisdiction over the parties and over the subject matter hereof

pursuant to 28 U.S.C. §§ 1331 and 1338.

2.      Definitions.

A.      The "SHARE THE LOVE Mark" shall reference the trademark SHARE THE LOVE, whether alone or in combination with other words or symbols, as used in connection with jewelry products and related services.

B.      The "SHARE THE LOVE Registrations" shall reference collectively (1) U.S. Trademark Registration No. 2,952,808 of August 17, 2004 for the LIA SOPHIA SHARE THE LOVE OF JEWELRY mark for items of jewelry and (2) U.S. Trademark Registration No. 3,289,589 of September 11, 2007 for the SHARE THE LOVE OF JEWELRY mark for jewelry items.

3.      Plaintiff is the owner of the SHARE THE LOVE Mark with respect to jewelry items and related services and the SHARE THE LOVE Registrations.  The SHARE THE LOVE Registrations are valid and subsisting, and in full force and effect.  The SHARE THE LOVE Mark and the goodwill of Plaintiff in connection with which such trademark is used are valid and have never been abandoned.

4.      The Weindling Defendants are permanently enjoined and restrained, directly or indirectly:

(a)      From using in any manner the SHARE THE LOVE Mark or any mark confusingly similar thereto in connection with the sale, offer for sale, advertisement or distribution of jewelry items or any related services;

(b)      From falsely representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that the Weindling Defendants, or any of their goods, are authorized by lia Sophia;

2

    (c)    From passing off, inducing or enabling others to sell or pass off any goods as products produced by lia sophia which are not in fact genuine lia sophia goods or not produced under the control and supervision of lia sophia and approved by lia sophia;

    (d)    From falsely representing itself as being connected with Plaintiff or sponsored by or associated with Plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that the Weindling Defendants are associated with Plaintiff;

    (e)    From using any reproduction, counterfeit, copy, or colorable imitate of the SHARE THE LOVE Mark in connection with the publicity, promotion, sale, or advertising of goods sold by the Weindling Defendants including, without limitation, jewelry in associated with a copy or colorable imitation of Plaintiff's SHARE THE LOVE mark;

    (f)    From infringing upon the SHARE THE LOVE Mark; and

    (g)    From otherwise competing unfairly with lia sophia in any manner.

5.    Except to the extent set forth in the Settlement Agreement, no award for damages, profits, costs, disbursements or attorney's fees is made herein, and all parties are to bear their own costs and attorney's fees.

6.    The exclusive jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment on Consent, the enforcement thereof and the punishment of any violations thereof, and the enforcement of any provisions of the Settlement Agreement entered into between the parties. Any motion or proceedings under this Paragraph 6 shall be venued in the United States District Court

for the Southern District of New York, and the parties consent to this Court's venue and personal

jurisdiction for any such motion or proceeding under this Paragraph 6.

      7.      The rights contained in this Final Judgment, including the right to enforce it, shall

be freely assignable to the fullest extent permitted by law.  This Final Judgment shall bind the

Parties hereto and their successors and assigns.

      8.      This Judgment shall be deemed to have been served upon the Weindling

Defendants at the time of its execution by the Court.

Dated:  May __5__, 2008

                                             Hon. Jed S. Rakoff, United States District Judge

4

CONSENT AND STIPULATION

The undersigned hereby consent and stipulate to the entry of a Final Judgment on

Consent in the form annexed hereto or in such other form as the Court may approve which is

identical in substance.

ACT II JEWELRY, LLC d/b/a/ lia sophia,

Dated: April ___, 2008                By:_____
                                      Name:
                                      Title:

WEINDLING INTERNATIONAL LLC

Dated: April ___, 2008                By:_____
                                      Name:
                                      Title:

PARAG VORA

Dated: April ___, 2008                _____

ABHAY JAVERI

Dated: April ___, 2008                _____

168941.2

## CONSENT AND STIPULATION

The undersigned hereby consent and stipulate to the entry of a Final Judgment on

Consent in the form annexed hereto or in such other form as the Court may approve which is

identical in substance.

ACT II JEWELRY, LLC d/b/a/ lia sophia,

Dated: April ___, 2008            By: _____
                                  Name:  Victor E. Kramm II
                                  Title:  President

WEINDLING INTERNATIONAL LLC

Dated: April ___, 2008            By: _____
                                  Name:
                                  Title:

PARAG VORA

Dated: April ___, 2008            _____

ABEY JHAVERI

Dated: April ___, 2008            _____

Approved as to form:

KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 813-1600
Facsimile: (212) 813-9600

Attorneys for Plaintiff
ACT II Jewelry, LLC d/b/a lia sophia

Dated: ~~April~~ May 6 ___, 2008          By: _____
                                            Milton Springut, Esq.
                                            Tal S. Benschar, Esq.

KLESTADT & WINTERS LLP
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for Defendants
Weindling International, LLC,
Parag Vora and Abhay Javeri

Dated: April 28, 2008          By: _____
                                  Ian Winters, Esq.
                                  Brendan M. Scott, Esq.

6